BRODSKY MICKLOW BULL & WEISS LLP
Eugene A. Brodsky, State Bar No. 36691
Edward M. Bull III, State Bar No. 141996
384 Embarcadero West, Suite 200
Oakland, California 94607-3704
Telephone: (510) 268-6180
Facsimile: (510) 268-6181

Attorneys for Plaintiff,
Donna Deloise Moore

FILED
OCT 13 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA DELOISE MOORE,<br><br>    Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, *in personam*, USNS ALGOL, its engines, tackle, apparel, furniture, etc., *in rem* | CASE NO. C10-04621<br><br>**SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND FOR MAINTENANCE AND CURE**<br><br>**Plaintiff Is Entitled to File her Action Without Prepayment of Costs, Fees, or Security (28 U.S.C. § 1916)** |

DONNA DELOISE MOORE ("Plaintiff"), alleges as follows:

## I. FIRST CAUSE OF ACTION FOR UNSEAWORTHINESS

1. Plaintiff brings and maintains this action pursuant to the provisions of the Suits in Admiralty Act (46 U.S.C. § 30901, et seq.), the Public Vessels Act (46 U.S.C. § 31101 et seq.), the Clarification Act (50 U.S.C. App. Section 1291, et seq), the Jones Act (46 U.S.C. § 30104, et seq.), the General Maritime Law, the United States Constitution, Article III, Section 2, and 28 U.S.C. § 1333.

2. Plaintiff is a merchant seaman who is within the jurisdiction of the Court and elects to and is entitled to file this action without pre-payment of costs and without security therefor under 28 U.S.C. §1916.

3. Defendant UNITED STATES OF AMERICA is a sovereign nation and has consented to be sued herein under the provisions of the Suits in Admiralty Act (46 U.S.C. §30901, et seq.), the Public Vessels Act (46 U.S.C. § 31101 et seq.) and the Clarification Act (50 U.S.C. App. Section 1291, et seq). Venue is proper in this judicial district under the Suits in Admiralty Act because Plaintiff is a resident of the Northern District of California. Venue is also proper under the Public Vessels Act because the public vessel involved in this action is within the Northern District of California.

4. At all times herein mentioned the defendant UNITED STATES OF AMERICA owned and controlled that certain public or merchant vessel, the USNS ALGOL, and operated, managed, navigated, and used said vessel through its agent, Maersk Line, Limited.

5. At all times herein mentioned, plaintiff was employed by said defendant and serving as a member of the crew aboard the USNS ALGOL, and was at all times acting within the course and scope of her employment as Steward.

6. In or about April 2009 through October 2009, plaintiff was caused to sustain personal injuries, including injuries to her neck and to her shoulder, which necessitated surgical repair, while serving as the Steward aboard the USNS ALGOL, which was moored at its berth in Alameda.

7. During said time frame, plaintiff was employed as the Steward aboard the USNS ALGOL and was responsible for cooking for the crews of both the ALGOL and her sister ship tied along side (believed to be the USNS CAPELLA). During her service on the ALGOL the dumbwaiter designed to carry stores from the galley storage area to the galley (one deck above) was out of order and the ship's elevator was also inoperable for months at a time. Consequently Ms. Moore, on a daily basis, had to carry all of her stores and containers up and down the stairs, many items weighing in excess of 50 pounds. Ms. Moore also did a substantial amount of carrying and lifting from the store rooms and freezer boxes to the galley.

Through out this time the vessel was at all times undermanned, with Plaintiff serving two full crews without meaningful assistance (double the work load she had experienced on other similar government merchant ships in ready reserve lay-up). As a result of such unsafe and unseaworthy working conditions, Ms. Moore suffered injuries and/or aggravations to her cervical spine and/or shoulder.

8. Said injuries to plaintiff were proximately caused by the failure of defendants to furnish plaintiff with a safe and seaworthy vessel, or safe and seaworthy place to work aboard said vessel, and/or in exposing plaintiff to unnecessary risks of harm and injury; in failing to furnish plaintiff with fit, proper, adequate, and sufficient equipment, aid and assistance in connection with her assigned tasks; in failing to furnish plaintiff with fit, proper, adequate, and sufficient supervision in connection with her assigned tasks; and, further, in failing to provide plaintiff with prompt, adequate or sufficient medical care and attention for her injuries, damages and disabilities aboard the vessel and thereafter.

9. As a legal result, plaintiff was caused to and did sustain, amongst other injuries, the extent of which are still not fully known, including injuries to or aggravations of prior injuries to her cervical spine (suffered aboard the USNS CAPE HORN), which necessitated surgical repair, together with much pain and a shock to her nervous system, and other injuries not fully known at this time.

10. As a legal result, plaintiff was caused to and continues to incur reasonable charges for medical care and attention.

11. By reason of the premises, plaintiff has sustained general damages, exclusive of interest and costs, in a sum in excess of $75,000, and special damages in sums to be determined by the proofs. Plaintiff is entitled to and claims prejudgment interest on her damages pursuant to the general maritime law.

12. On or about May 20, 2010, plaintiff presented her Seaman's Administrative Claim to the United States Maritime Administration pursuant to 46

COMPLAINT FOR DAMAGES 3

CFR Part 327. Such claim was expressly denied by the Maritime Administration in a letter dated July 20, 2010.

## II. SECOND CAUSE OF ACTION FOR MARITIME NEGLIGENCE (JONES ACT)

13. Plaintiff incorporates herein by reference, as though fully set forth, and with like force and effect, all of the allegations contained in the FIRST CAUSE OF ACTION herein.

14. Said injuries to plaintiff were proximately caused by the negligent acts and omissions of the defendant UNITED STATES OF AMERICA, in negligently failing to provide plaintiff with a safe place to work; in negligently exposing plaintiff to unreasonable risks of harm and injury; in negligently failing to furnish plaintiff with fit, proper, adequate and sufficient equipment, aid and assistance in connection with her assigned tasks; in negligently failing to furnish plaintiff with fit, proper, adequate, and sufficient supervision in connection with her assigned tasks; and, in negligently failing to provide plaintiff with prompt, adequate or sufficient medical care and attention for her injuries damages and disabilities aboard the vessel and thereafter.

15. As a result of said negligent acts and omissions of the defendants, plaintiff was caused to sustain injuries and damages as stated in paragraphs 10 through 13 above.

## THIRD CAUSE OF ACTION FOR UNREASONABLE FAILURE TO PROVIDE PROMPT AND ADEQUATE MAINTENANCE AND CURE

16. Plaintiff incorporates by reference all of the allegations contained in the FIRST and SECOND CAUSES OF ACTION as though fully set forth herein.

17. Defendant UNITED STATES OF AMERICA has failed to make prompt payment of maintenance and cure, as well as costs for transportation to medical appointments. Defendant's failure to provide such prompt maintenance and

COMPLAINT FOR DAMAGES 4

cure is unreasonable and plaintiff is entitled to consequential damages, reasonable attorneys' fees and, subject to proof, punitive damages.

WHEREFORE, plaintiff prays judgment against the defendants, and each of them, as follows:

1. For general damages in excess of $75,000.00;
2. For such special damages and loss of wages as may be shown by the proofs herein;
3. For maintenance and cure;
4. For consequential damages, attorneys' fees and punitive damages for defendant's unreasonable failure to pay maintenance and cure;
5. For prejudgment interest under admiralty law;
6. For plaintiff's costs of suit herein; and
7. For such other and further relief as is proper and just in the premises.

DATED: October 12, 2010

BRODSKY MICKLOW BULL & WEISS LLP

By: _____

Eugene A. Brodsky
Edward M. Bull III

Attorneys for Plaintiff
DONNA DELOISE MOORE

COMPLAINT FOR DAMAGES                                  5